HILARY POTASHNER (Bar No. 167060)
Federal Public Defender
RACHEL A. ROSSI (Bar No. 266732)
(E-Mail: Rachel_Rossi@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
ROBERT CHILTON WILLIAMS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ROBERT CHILTON WILLIAMS,<br><br>  Defendant. | Case No. 15-CR-710-CAS<br><br>**BRIEFING IN SUPPORT OF APPLICATION FOR REVIEW OF ORDER OF DETENTION**<br><br>Date: January 28, 2016<br>Time: 12:00 p.m. |

Mr. Robert Chilton Williams, by and through his counsel of record, Deputy Federal Public Defender Rachel A. Rossi, hereby submits the within Briefing in Support of Application for Review of Order of Detention (Dkt. # 14).

                                    Respectfully submitted,

                                    HILARY POTASHNER
                                    Federal Public Defender


DATED: January 26, 2016         By  */s/ Rachel A. Rossi*
                                    RACHEL A. ROSSI
                                    Deputy Federal Public Defender
                                    Attorney for ROBERT CHILTON WILLIAMS

# **MEMORANDUM OF POINTS AND AUTHORITIES**

## **I.**

## **INTRODUCTION**

Mr. Williams is charged in a one-count indictment with a violation of 18 U.S.C. § 922(g)(1). His initial appearance was held on January 14, 2016, and the detention hearing was continued to January 21, 2016. *See* Dkt. # 8, 10. The United States Pretrial Services Office has recommended release on bond with one unsecured affidavit of surety signed by Mr. Williams's wife in the amount of $25,000. The government continues to move for detention. As such, the defense has proffered fourteen gainfully-employed family members and friends, who are all willing to sign unsecured affidavits of surety on behalf of Mr. Williams, in any amount as the Court deemed proper. The defense has also proffered location monitoring as a condition of release.

On January 21, 2016, the Honorable Patrick J. Walsh issued an order of detention, on the grounds that there are no conditions of release that can mitigate against the danger to the community he found Mr. Williams to pose.[1] The government has not suggested there are facts that reveal Mr. Williams poses a "serious risk of flight," and did not argue any such facts at the detention hearing. As set forth herein, the Court may only detain Mr. Williams on the grounds that he poses a "serious risk of flight," or on the grounds that he will "obstruct or attempt to obstruct justice, or threaten, injure, or intimate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." *See* 18 U.S.C. § 3142(f). Because there are no facts which reveal

---

[1] The Court noted its concern due to a wire-tapped conversation that allegedly took place in 2013, wherein Mr. Williams allegedly stated he needed a gun in order to assault another person. However, the context of that alleged phone call has not been sufficiently explained. The next day, a second call was placed stating that the caller did not actually need a gun, and stating that what happened was "funny" and that the caller would tell the funny story later. Thus, there is some indication the call could have been in jest. That alleged phone call took place in 2013 - over two years ago - and Mr. Williams has not been alleged to have acted in any violent manner either before or after that date. Most importantly, that alleged phone call does not reveal Mr. Williams poses a "serious risk of flight."

either of these grounds have been established by the government, Mr. Williams must be released on bond pursuant to the Bail Reform Act.

## II.

## **THE GOVERNMENT OR THE COURT MAY ONLY MOVE FOR DETENTION ON THE GROUNDS THAT MR. WILLIAMS POSES A SERIOUS RISK OF FLIGHT**

Mr. Williams is charged with one count of a violation of 18 U.S.C. § 922(g)(1). He is not charged with any enumerated offense under 18 U.S.C. § 3142(f)(1). The plain language of the statute thus requires that the government, or the Court, may only move for detention only the grounds that Mr. Williams poses a serious risk of flight or a serious risk that he will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror. *See* 18 U.S.C. § 3142(f).

Thus, because Mr. Williams is not charged with an offense enumerated under § 3142(f)(1), the government and the Court may **not** seek detention on the grounds that Mr. Williams is a danger to the community. The Ninth Circuit, in accord with many other circuits, has so held. *See United States v. Twine*, 344 F.3d 987, 987 (9th Cir. 2003) (because 18 U.S.C. § 922(g) is not a crime of violence, the Bail Reform Act does not authorize pretrial detention without bail based solely on a finding of dangerousness); *Accord United States v. Byrd*, 969 F.2d 106 (5th Cir. 1992) (holding that the fact that the defendant posed a threat to the community is not, standing alone, a sufficient basis to detain him before conviction, his detention is not authorized by the Act.); *United States v. Ploof*, 851 F.2d 7 (1st Cir. 1988) (holding that "where detention is based on dangerousness grounds, it can be ordered only in cases involving one of the circumstances set forth in § 3142(f)(1)"); *United States v. Himler*, 797 F.2d 156 (3d Cir. 1986) (Because the defendant's case did not involve any of the offenses specified in subsection (f)(1), nor had there been any claim that he would attempt to obstruct

3

justice or intimidate a witness or juror, it was held that the statute did not authorize the detention of the defendant based on danger to the community.).

The Government bears the burden to prove serious risk of flight by a preponderance of the evidence. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). Further, mere opportunity to flee is not enough to justify pretrial detention. Himler, 797 F.2d at 162. The Government bears the burden of proving the existence of a "serious risk" of flight under § 3142(f). *Motamedi*, 767 F.2d at 1406; *United States v. Friedman*, 837 F.2d 48, 49 (2nd Cir. 1988). The insertion of the word "serious" with regard to a risk of flight implies that a judicial officer should not consider detention unless the Government makes a sufficient showing that the defendant is highly motivated to flee. The Court's inquiry into whether the government can meet its heavy burden regarding **a serious risk of flight** is guided by the factors enumerated in 18 U.S.C. § 3142(g). As set forth herein, the Government has provided no facts whatsoever to indicate that Mr. Williams is a flight risk. Accordingly, there are a combination of conditions that can be set to release Mr. Williams on bond.

## III.
## MR. WILLIAMS DOES NOT POSE A SERIOUS RISK OF FLIGHT

Mr. Williams proffers that release on bond is proper, with location monitoring, and with any amount of bond and/or amount of sureties as the Court sees fit. The United States Pretrial Services Office has recommended release on one unsecured affidavit of surety signed by Mr. Williams's wife, in the amount of $25,000, and the defense agrees such a bond is appropriate. However, to the extent the Court requires more, the following friends and family members are willing to sign unsecured affidavits of surety, in any amounts to be determined by this Court:

1. Adam Williams (Mr. Williams's son), works for Food 4 Less as an Assistant Supervisor in the Diary Department;
2. Maria Del Real (family friend) - works in preparation and billing for a doctor's office;

4

3. Angie Del Real (sister of Maria Del Real, and family friend) - works in preparation and billing in the same doctor's office as Maria Del Real;
4. Marisol Frias/Ceniseros (family friend) - works as a Parent Representative for the Los Angeles Unified School District;
5. Marisol Reyes (family friend) - works as the Business Manager for an attorney's office, and was honorably discharged from the U.S. Airforce;
6. Suhayry Poro Ramirez (cousin) works as the Office Manager for a plastic surgeon;
7. Lucrecia Garza (Mr. William's mother) works as a Nursing Assistant and co-owns a few clinics;
8. Sonia Sandoval (family friend) works as a Pharmacy Technician;
9. Veronica Williams (Mr. Williams's wife) owns her own business - the Tutoring Club of Santa Monica, which provides tutoring services for schools in Santa Monica;
10. Hugo Garza (Mr. Williams's brother) works as an Insurance Sales Representative for AAA;
11. George Garza (Mr. Williams's brother) works at Coca Cola in Downey as a Distribution Supervisor;
12. Michele Alva (friend, and step-daughter's mother) works for Amazon in the ordering department;
13. Nicole West (family friend) works as a self-employed travel agent;
14. Brian Reyes (family friend) works as a roofing contractor.

Further, Mr. Williams was born in Los Angeles and has lived here his whole life. The number of family and friends willing to support him reveals he has strong and long-standing ties to the community. Not only that -- these friends and family members are reputable community members with established means of employment. Mr. Williams is a citizen of the United States, has no passport, and he does not ever traveled internationally. He has no international ties. He also has no wants or warrants. His

5

two prior felony convictions were at least thirteen years old, including a sixteen-year old conviction for theft and second degree burglary - an offense for which the maximum punishment is three years and for which Mr. Williams was sentenced to only 120 days in county jail; and a thirteen-year old conviction for deprivation of rights to custody or visitation,[2] which also has a maximum imprisonment of 3 years, and Mr. Williams received probation only.  Mr. Williams's two prior felony convictions do not reveal he is a flight risk.

In addition, Mr. Williams is not facing significant prison time in this matter.  Mr. Williams will likely be in Criminal History Category ("CH") I or II, and with this offense and the number of guns alleged, the guideline range would result in a base offense level of fourteen (U.S.S.G. § 2K2.1(a)(7)), plus two levels for possession of three to seven guns[3] (U.S.S.G. § 2K2.1(b)(1)(A)), and minus three levels for acceptance of responsibility.  Thus, Mr. Williams is looking at a total offense level of thirteen.  He is looking at twelve to eighteen months of imprisonment (if CH I) or fifteen to twenty-one months of imprisonment (if CH II)[4].

Finally, the facts alleged in the indictment took place in 2013, and Mr. Williams knew that the government was aware of his conduct and his whereabouts since then.[5]  Mr. Williams has never fled despite the opportunity to do so.  All of the facts proffered by the government reveal Mr. Williams does not pose a risk of flight.

---

[2] A violation of this offense, Cal. Pen. Code § 278.5, requires that two people equally have the right to physical custody of a child, both the defendant and another person, and that the defendant keeps the child with intent to deprive the other person of their right to custody.  *See id*.

[3] The defense does not admit to possession of six to seven guns, but provides this estimate based on the charges in the indictment.

[4] This is only a preliminary calculation, but the government has agreed these guidelines are preliminarily accurate based on information known at this stage of the proceedings,

[5] Law enforcement was aware of Mr. Williams's location, and Mr. Williams's was aware of that the government knew about his arrest and his whereabouts after his arrest.  This is for reasons that cannot be described in a public filing.

6

## IV.
## **CONCLUSION**

For the foregoing reasons, Mr. Williams respectfully requests the Court issue an order of release on bond with location monitoring and with any monetary bond amount in the form of unsecured affidavits of surety by any number of sureties the Court deems appropriate.

Respectfully submitted,

HILARY POTASHNER
Federal Public Defender

DATED: January 26, 2016        By  */s/ Rachel A. Rossi*
RACHEL A. ROSSI
Deputy Federal Public Defender
Attorney for ROBERT CHILTON WILLIAMS