```
 1  EILEEN M. DECKER
    United States Attorney
 2  LAWRENCE S. MIDDLETON
    Assistant United States Attorney
 3  Chief, Criminal Division
    DAFFODIL TYMINSKI (Cal. Bar No. 243680)
 4  Assistant United States Attorney
    OCDETF Section
 5       1400 United States Courthouse
         312 North Spring Street
 6       Los Angeles, California 90012
         Telephone: (213) 894-0917
 7       Facsimile: (213) 894-0142
         E-mail:  Daffodil.Tyminski@usdoj.gov
 8
    Attorneys for Plaintiff
 9  UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,    | No. CR 15-710-CAS |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S APPLICATION FOR REVIEW OF DETENTION ORDER |
| v. | |
| ROBERT CHILTON WILLIAMS, | Hearing Date: 1/28/16 |
| Defendant. | Hearing Time: 12:00 Noon<br>Location:     Courtroom of the Hon. Christine Snyder |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Daffodil Tyminski, hereby files its Opposition to Defendant's Application to Review Detention Order.

This Response is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: January 28, 2016          Respectfully submitted,

                                        EILEEN M. DECKER
                                      United States Attorney

                                      LAWRENCE S. MIDDLETON
                                      Assistant United States Attorney
                                      Chief, Criminal Division

                                            /s/
                                      DAFFODIL TYMINSKI
                                      Assistant United States Attorney

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant appeals the detention order by the Honorable Patrick J. Walsh, United States Magistrate Judge, and argues, based on a contorted version of both the facts and law that: (1) defendant is not a danger to the community; and (2) even if defendant was a danger to the community, the Court cannot detain defendant based on danger. The government submits that the Court should reject both arguments and order defendant detained.

**II.  FACTUAL AND LEGAL BACKGROUND**

This case arises from defendant's possession of six firearms and over 1200 rounds of ammunition following his two felony convictions. As defendant points out, he was intercepted on a wiretap asking a friend to borrow a gun so that he could assault another individual. He claims that the calls, wherein he states he needs to borrow a firearm from a friend to assault someone were not placed in context, because, at a later time, he stated that the episode turned out to be "funny," however, he does not dispute that he did, in fact, possess a firearm on the date of his call, and the government takes issue with defendant's mischaracterization of the calls regarding defendant's firearms.  Defendant also does not address that, a few days later, defendant was found in possession of various firearms and <u>1200</u> rounds of ammunition.  At that time, he was a felon, having sustained the convictions set forth in the indictment as well as convictions for other offenses, and so he was a prohibited person under 18 U.S.C. § 922(g).

Defendant also claims that he has never been alleged to act in a violent manner.  As defendant well knows, however, in 2001, defendant

was prosecuted for having intentionally held his young son's hand over a burning stove, causing him great bodily injury. Defendant admitted this conduct, and in 2002 pled guilty to the charge.

Defendant claims that Pretrial has recommended that he be released on bond, but that statement is incorrect. As a result of this conduct, the United States Pretrial Services Office ("Pretrial") recommends that defendant be detained.[1]

Pretrial's recommendation in support of detention stems from the fact that Pretrial believes defendant is a danger to the community. Judge Walsh agreed. Defendant now contends that the Court cannot, under <u>any</u> circumstances detain him if the Court believes he is a danger to the community, citing to <u>United States v. Twine</u>, 344 F.3d 987, 987-88 (9th Cir. 2003). As the government discusses herein, defendant's argument is nonsensical and a misstatement of the law.

The Bail Reform Act of 1984 permits pretrial detention of a defendant without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Detention is appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary to prove both. <u>United States v. Motamedi</u>, 767 F.2d 1403, 1406 (9th Cir. 1985); <u>United States v. Kouyoumdjian</u>, 601 F. Supp. 1506, 1508-10 (C.D. Cal. 1985). A finding that a defendant is a

---

[1] Initially, before becoming aware of the facts of the case, Pretrial did recommend a bond for defendant, but <u>after</u> learning of the facts of the case, and after defendant proffered a bond similar to what he seeks now, Pretrial recommended, and as far as the government is aware, continues to recommend, detention.

danger to the community must be supported by clear and convincing evidence.  18 U.S.C. § 3142(f).

**III. ARGUMENT**

    **A.  The Government Established by a Clear and Convincing Evidence that Defendant Poses a Danger to the Community.**

The evidence proffered by the government satisfies its burden of proof that defendant poses both a risk of non-appearance and a danger to the community based on the four factors in § 3142(g).  Turning first to the nature and seriousness of the offense and the weight of the evidence, the indictment alleges that defendant possessed six firearms and over 1200 rounds of ammunition after sustaining at least two felony convictions.  Defendant committed this act after sustaining multiple felony convictions, and in his dispute over detention, admits his culpability for the offense for which he is charged.  Even with defendant admitting that he possessed a firearm, as charged, he claims that the Court should treat his threat to assault another individual lightly.

    Defendant has a history of violence.  Not only was the defendant intercepted in a wiretap threatening to commit violence on another person, but he has a history of extreme cruelty and violence towards children.  Given his own background and the nature and circumstances of the offense, the government submits that it has established that he is a danger to the community.  Finally, the fact that defendant is not facing a long jail sentence does not mitigate his past violent tendencies and his long history violent acts.

**B.   The Court May Detain Defendant Because He Is A Danger to the Community.**

Notwithstanding the serious allegations against defendant, defendant argues that the offense is not sufficiently serious to warrant detention because it is not specifically listed in § 3142 and does not carry a presumption of detention.  First, while § 3142(g)(1) directs the court, in assessing the nature and circumstances of the offense, to consider whether the charged offense is "a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device," the enumerated crimes make up an illustrative, but not exhaustive, list of crimes that may be serious enough to warrant detention.  18 U.S.C. § 3142(g)(1).  Similarly, crimes that carry a presumption of detention, see § 3142(e)(2)-(3), are not the only crimes that may warrant detention.  Thus, the fact that a Section 922(g) is not listed in either § 3142(g)(1) or § 3142(e) does not control the analysis.

Second, defendant's position – that under § 3142, pretrial detention is not authorized based upon a finding of dangerousness, is not supported by the plain language of the statute, the governing case authority, or the facts of this case.  Defendant, citing United States v. Twine, 344 F.3d 987, 987-88 (9th Cir. 2003), asserts that courts are prohibited from detaining defendant based on a finding at the § 3142(f) hearing as to danger alone, but defendant is wrong as a matter of law, having based his analysis on a misreading of § 3142 and Twine.  The plain language of § 3142 repeatedly refers to flight and danger in the conjunctive, noting that detention is required unless both flight and danger can be adequately mitigated.  See

4

§ 3142(e)(1), (3), (f), (g).  Twine does not override that statutory requirement, nor even address what happens at a detention hearing at all, but rather applies the plain language of § 3142(f) regarding whether the government is entitled to such a hearing in the first place.  That is, the Twine opinion, like the decisions of the First, Third, and Fifth Circuits that it invokes, simply notes that under the express language of § 3142(f), the magistrate judge may not hold a detention hearing based solely on the existence of danger to the community, unless one of the conditions in § 3142 is satisfied (as is the case here).  If a hearing is proper, the magistrate judge may base his or her ultimate decision as to detention solely on a finding, at that hearing, of unmitigable danger.  § 3142(e)(1).

**C.    Defendant Has Never Actually Proffered a Bond.**

What makes this case unique is that defendant asserts that he has a number of sureties willing to vouch for him, but he has not actually stated what bond he seeks or what bond anyone would be willing to sign.  He also does not propose that his release be secured by any property.  Moreover, defendant states that the proposed sureties are "reputable community members" but he has provided the government with no information to substantiate that assertion.  So, while defendant complains that the government is not willing to accept a bond for the defendant, the government would like to point out that he has not actually proffered any specific bond for the government to evaluate.  He has only stated that he has sureties who are willing sign a bond "in any amount."

## IV. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court uphold Magistrate Walsh's order and deny defendant bond pending trial.