EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
DAFFODIL TYMINSKI (Cal. Bar No. 243680)
Assistant United States Attorney
OCDETF Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0917
    Facsimile: (213) 894-0142
    E-mail:  Daffodil.Tyminski@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 15-707-CAS |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT ROBERT CHILTON WILLIAMS |
| v. | |
| ROBERT CHILTON WILLIAMS, | |
| Defendant. | |

    1.    This constitutes the plea agreement between ROBERT CHILTON WILLIAMS, ("aka") "Robert Clifton Williams," aka "Bobby" ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

    2.    Defendant agrees to:

        a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the single-count

1    indictment in <u>United States v. Robert Chilton Williams</u>, CR No. 15-
2    707-CAS, which charges defendant with Prohibited Person in Possession
3    of Firearms/Ammunition in violation of 18 U.S.C. § 922(g)(1).
4                    b.    Not contest facts agreed to in this agreement.
5                    c.    Abide by all agreements regarding sentencing contained
6    in this agreement.
7                    d.    Appear for all court appearances, surrender as ordered
8    for service of sentence, obey all conditions of any bond, and obey
9    any other ongoing court order in this matter.
10                   e.    Not commit any crime; however, offenses that would be
11   excluded for sentencing purposes under United States Sentencing
12   Guidelines ("USSG" or "Sentencing Guidelines") § 4A1.2(c) are not
13   within the scope of this agreement.
14                   f.    Be truthful at all times with Pretrial Services, the
15   United States Probation Office, and the Court.
16                   g.    Pay the applicable special assessment at or before the
17   time of sentencing unless defendant lacks the ability to pay and
18   prior to sentencing submits a completed financial statement on a form
19   to be provided by the USAO.
20                         THE USAO'S OBLIGATIONS
21        3.    The USAO agrees to:
22                   a.    Not contest facts agreed to in this agreement.
23                   b.    Abide by all agreements regarding sentencing contained
24   in this agreement.
25                   c.    At the time of sentencing, provided that defendant
26   demonstrates an acceptance of responsibility for the offense up to
27   and including the time of sentencing, recommend a two-level reduction
28   in the applicable Sentencing Guidelines offense level, pursuant to

USSG § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d.   Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 11 or higher and provided that the Court does not depart downward in offense level or criminal history category.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in USSG Chapter 5, Part A.

e.   Stipulate to defendant's release from custody pending sentencing in this case, upon the defendant's entry of a guilty plea and the Court's acceptance of that plea and absent a change in circumstances.  The parties reserve the right to recommend and, if necessary, submit arguments regarding the appropriate surety or conditions for any release.

<u>NATURE OF THE OFFENSE</u>

4.   Defendant understands that for defendant to be guilty of the crime charged in the indictment, that is, Prohibited Person in Possession of Firearms/Ammunition, in violation of Title 18, United States Code, Section 922(g)(1), the following must be true:

(1)   Defendant knowingly possessed a firearm and/or ammunition;

(2)   The firearm and/or ammunition had been shipped or transported from one state to another or from a foreign nation to the United States; and

(3)   At the time the defendant possessed the firearm and/or ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

3

PENALTIES

5.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 922(g)(1), is: 10 years imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that

4

1    unanticipated collateral consequences will not serve as grounds to
2    withdraw defendant's guilty plea.

3        8.   Defendant understands that, if defendant is not a United
4    States citizen, the felony conviction in this case may subject
5    defendant to: removal, also known as deportation, which may, under
6    some circumstances, be mandatory; denial of citizenship; and denial
7    of admission to the United States in the future.  The court cannot,
8    and defendant's attorney also may not be able to, advise defendant
9    fully regarding the immigration consequences of the felony conviction
10   in this case.  Defendant understands that unexpected immigration
11   consequences will not serve as grounds to withdraw defendant's guilty
12   plea.

13                              FACTUAL BASIS

14       9.   Defendant admits that defendant is, in fact, guilty of the
15   offense to which defendant is agreeing to plead guilty.  Defendant
16   and the USAO agree to the statement of facts provided below and agree
17   that this statement of facts is sufficient to support a plea of
18   guilty to the charge described in this agreement and to establish the
19   Sentencing Guidelines factors set forth in paragraph 11 below but is
20   not meant to be a complete recitation of all facts relevant to the
21   underlying criminal conduct or all facts known to either party that
22   relate to that conduct.

23       On or about December 5, 2013, in Los Angeles County, within the
24   Central District of California, defendant knowingly possessed at
25   least two firearms, namely, a Beretta Model 92F 9mm semiautomatic
26   pistol, bearing serial number BER126386 and a Ruger Model Mini 14
27   .223 caliber semiautomatic rifle, bearing serial number 183-60855, in
28   and affecting interstate and foreign commerce.

Such possession occurred after defendant WILLIAMS had been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

(1) Deprivation of Custody of Child or Right to Visitation, in violation of California Penal Code Section 278.5(a), on or about May 19, 2000, in the Superior Court for the State of California, County of Los Angeles, Case Number BA164469; and

(2) Second Degree Burglary From a Vehicle, in violation of California Penal Code Section 459, and Receiving Stolen Property, in violation of California Penal Code Section 496(a), on or about September 27, 2002, in the Superior Court for the State of California, County of Los Angeles, Case Number VA064486.

At that time defendant possessed the firearms, each of the firearms had been manufactured outside of the State of California, and had therefore moved in and affected interstate or foreign commerce.

SENTENCING FACTORS

10.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds

1  appropriate up to the maximum set by statute for the crime of

2  conviction.

3      11.  Defendant and the USAO agree to the following applicable

4  Sentencing Guidelines factors:

5      Base Offense Level:              14         [USSG § 2K2.1(a)(6)]

6  Defendant and the USAO reserve the right to argue that additional

7  specific offense characteristics, adjustments, and departures under

8  the Sentencing Guidelines are appropriate.  The USAO reserves the

9  right to argue for a two-level enhancement under 2K2.1(b)(1)(A),

10  should the enhancement be warranted by facts presented at the time of

11  sentencing.

12      12.  Defendant understands that there is no agreement as to

13  defendant's criminal history or criminal history category.

14      13.  Defendant and the USAO reserve the right to argue for a

15  sentence outside the sentencing range established by the Sentencing

16  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),

17  (a)(2), (a)(3), (a)(6), and (a)(7).

18                  <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

19      14.  Defendant understands that by pleading guilty, defendant

20  gives up the following rights:

21          a.   The right to persist in a plea of not guilty.

22          b.   The right to a speedy and public trial by jury.

23          c.   The right to be represented by counsel – and if

24  necessary have the court appoint counsel -- at trial.  Defendant

25  understands, however, that, defendant retains the right to be

26  represented by counsel – and if necessary have the court appoint

27  counsel – at every other stage of the proceeding.

28

1        d.    The right to be presumed innocent and to have the

2   burden of proof placed on the government to prove defendant guilty

3   beyond a reasonable doubt.

4        e.    The right to confront and cross-examine witnesses

5   against defendant.

6        f.    The right to testify and to present evidence in

7   opposition to the charges, including the right to compel the

8   attendance of witnesses to testify.

9        g.    The right not to be compelled to testify, and, if

10  defendant chose not to testify or present evidence, to have that

11  choice not be used against defendant.

12        h.    Any and all rights to pursue any affirmative defenses,

13  Fourth Amendment or Fifth Amendment claims, and other pretrial

14  motions that have been filed or could be filed.

15                    WAIVER OF APPEAL OF CONVICTION

16        15.   Defendant understands that, with the exception of an appeal

17  based on a claim that defendant's guilty plea was involuntary, by

18  pleading guilty defendant is waiving and giving up any right to

19  appeal defendant's conviction on the offense to which defendant is

20  pleading guilty.

21             LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

22        16.   Defendant agrees that, provided the Court imposes a term of

23  imprisonment within or below the range corresponding to an offense

24  level of 13 and the criminal history category calculated by the

25  Court, defendant gives up the right to appeal all of the following:

26  (a) the procedures and calculations used to determine and impose any

27  portion of the sentence; (b) the term of imprisonment imposed by the

28  Court; (c) the fine imposed by the court, provided it is within the

                                    8

1  statutory maximum; (d) the term of probation or supervised release
2  imposed by the Court, provided it is within the statutory maximum;
3  and (e) any of the following conditions of probation or supervised
4  release imposed by the Court: the conditions set forth in General
5  Orders 318, 01-05, and/or 05-02 of this Court; the drug testing
6  conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the
7  alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

8      17.  The USAO agrees that, provided (a) all portions of the
9  sentence are at or below the statutory maximum specified above and
10  (b) the Court imposes a term of imprisonment within or above the
11  range corresponding to an offense level of 11 and the criminal
12  history category calculated by the Court, the USAO gives up its right
13  to appeal any portion of the sentence.

14                   RESULT OF WITHDRAWAL OF GUILTY PLEA
15     18.  Defendant agrees that if, after entering a guilty plea
16  pursuant to this agreement, defendant seeks to withdraw and succeeds
17  in withdrawing defendant's guilty plea on any basis other than a
18  claim and finding that entry into this plea agreement was
19  involuntary, then the USAO will be relieved of all of its obligations
20  under this agreement.

21                     EFFECTIVE DATE OF AGREEMENT
22     19.  This agreement is effective upon signature and execution of
23  all required certifications by defendant, defendant's counsel, and an
24  Assistant United States Attorney.

25                        BREACH OF AGREEMENT
26     20.  Defendant agrees that if defendant, at any time after the
27  signature of this agreement and execution of all required
28  certifications by defendant, defendant's counsel, and an Assistant

                                   9

1  United States Attorney, knowingly violates or fails to perform any of
2  defendant's obligations under this agreement ("a breach"), the USAO
3  may declare this agreement breached.  All of defendant's obligations
4  are material, a single breach of this agreement is sufficient for the
5  USAO to declare a breach, and defendant shall not be deemed to have
6  cured a breach without the express agreement of the USAO in writing.
7  If the USAO declares this agreement breached, and the Court finds
8  such a breach to have occurred, then: (a) if defendant has previously
9  entered a guilty plea pursuant to this agreement, defendant will not
10 be able to withdraw the guilty plea, and (b) the USAO will be
11 relieved of all its obligations under this agreement.

12                  COURT AND PROBATION OFFICE NOT PARTIES

13      21.  Defendant understands that the Court and the United States
14 Probation Office are not parties to this agreement and need not
15 accept any of the USAO's sentencing recommendations or the parties'
16 agreements to facts or sentencing factors.

17      22.  Defendant understands that both defendant and the USAO are
18 free to: (a) supplement the facts by supplying relevant information
19 to the United States Probation Office and the Court, (b) correct any
20 and all factual misstatements relating to the Court's Sentencing
21 Guidelines calculations and determination of sentence, and (c) argue
22 on appeal and collateral review that the Court's Sentencing
23 Guidelines calculations and the sentence it chooses to impose are not
24 error, although each party agrees to maintain its view that the
25 calculations in paragraph 11 are consistent with the facts of this
26 case.  While this paragraph permits both the USAO and defendant to
27 submit full and complete factual information to the United States
28 Probation Office and the Court, even if that factual information may

be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

23.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.   Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

24.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

///

///

1          PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2      25.   The parties agree that this agreement will be considered

3 part of the record of defendant's guilty plea hearing as if the

4 entire agreement had been read into the record of the proceeding.

5 AGREED AND ACCEPTED

6 UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
7 CALIFORNIA

8 EILEEN M. DECKER
United States Attorney

9

10 _____     2-25-16
DAFFODIL TYMINSKI                Date
11 Assistant United States Attorney

12 _____     2-25-2016
ROBERT CHILTON WILLIAMS          Date
13 Defendant

14 _____     2.25.2016
RACHEL ROSSI                     Date
15 Attorney for Defendant
Robert Chilton Williams

16

17

18               CERTIFICATION OF DEFENDANT

19     I have read this agreement in its entirety.  I have had enough

20 time to review and consider this agreement, and I have carefully and

21 thoroughly discussed every part of it with my attorney.  I understand

22 the terms of this agreement, and I voluntarily agree to those terms.

23 I have discussed the evidence with my attorney, and my attorney has

24 advised me of my rights, of possible pretrial motions that might be

25 filed, of possible defenses that might be asserted either prior to or

26 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

27 of relevant Sentencing Guidelines provisions, and of the consequences

28 of entering into this agreement.  No promises, inducements, or

1   representations of any kind have been made to me other than those

2   contained in this agreement.  No one has threatened or forced me in

3   any way to enter into this agreement.  I am satisfied with the

4   representation of my attorney in this matter, and I am pleading

5   guilty because I am guilty of the charges and wish to take advantage

6   of the promises set forth in this agreement, and not for any other

7   reason.

8   _____          2-25-2016

9   ROBERT CHILTON WILLIAMS                     Date
    Defendant

10

11                CERTIFICATION OF DEFENDANT'S ATTORNEY

12      I am Robert Chilton Williams's attorney.  I have carefully and

13  thoroughly discussed every part of this agreement with my client.

14  Further, I have fully advised my client of his rights, of possible

15  pretrial motions that might be filed, of possible defenses that might

16  be asserted either prior to or at trial, of the sentencing factors

17  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

18  provisions, and of the consequences of entering into this agreement.

19  To my knowledge: no promises, inducements, or representations of any

20  kind have been made to my client other than those contained in this

21  agreement; no one has threatened or forced my client in any way to

22  enter into this agreement; my client's decision to enter into this

23  agreement is an informed and voluntary one; and the factual basis set

24  forth in this agreement is sufficient to support my client's entry of

25  a guilty plea pursuant to this agreement.

26

27  _____          2·25·16

28  RACHEL ROSSI                               Date
    Attorney for Defendant
    Robert Chilton Williams

                                13